BANKS v. BANKS, appellant, *et al.*

*Partition — sale in — dower — Supreme Court rule* 85.

The amount payable to a doweress, in lieu of dower, from the proceeds of a
sale in partition, is regulated by the Revised Statutes, and not by rule 85 of
the supreme court.

APPEAL from an order of the special term directing the amount
payable to the appellant in lieu of dower from the proceeds of certain
real estate in this action, which is one in partition. The common
ancestor, David Banks (father of the plaintiff), died at New York
city, September 8, 1871 ; a son of his, Francis S. Banks (the husband
of the appellant), died January 27, 1872, seized of an undivided
fourth of the estate of his father, in which fourth this defendant
has a right of dower, as established by the judgment in this action,
and the two children of Francis S. Banks and this defendant, the
defendants Harriet Augusta Banks and David Banks (third) are
the only other parties, besides this defendant, who are interested in
the remainder of said undivided fourth.

These two children herein appear by their guardian *ad litem*.

The property sold was situated in New York city, and the net
proceeds, ready for division, amount to $673,387.18, one-fourth of
which is $168,346.79, and in this latter sum the appellant has a right
of dower, for which she is directed, by said judgment, to be paid a
sum in gross in lieu thereof. This sum in gross, calculated upon
the principles of life annuities, and according to the rule of court

applicable thereto, as it stood before being amended (which amendment went into force February 1, 1871), amounts to $37,830.88; but if this sum is to be calculated as restricted by the said amendment to the rules (see 85th rule), viz., "but such allowances shall in no case exceed one-half of such principal sum," then it will amount to $28,057.79.

And the question now presented is, which of these sums shall be paid to this defendant for her right of dower, and involves a decision of the question, whether the latter part of the 85th rule of this court is properly applicable in this case.

The special term fixed the amount payable to appellant, according to the 85th rule, at one-half the principal sum.

*E. Ellery Anderson* and *Thomas B. Odell,* for appellant. Defendant's right is fixed by the Revised Statutes, and not by the rule of court. 3 R. S. (5th ed.) 613, §§ 61, 62, 63; Laws 1870, ch. 717, § 5; 7 Paige, 408; *Mathews* v. *Duryea,* 17 Abb. 257; 4 Keyes, 525. The rules are rules of *practice* solely, and do not establish or take away rights of property.

Laws 1870, ch. 408. The portion of the 85th rule in question is inconsistent with the Revised Statutes.

*George W. Parsons,* guardian *ad litem,* in person.

DANIELS, J. The proceeds of the sale, from which the defendant appealing is entitled to her dower, were produced by the partition of real estate, sold under a judgment of this court, and by the statute applicable to the case she is entitled to such a sum in gross out of the amount as shall be deemed, upon the principles of law applicable to annuities, a reasonable satisfaction for her estate as doweress in the lands sold. 3 R. S. (5th ed.) 613, § 61.

This statute declares the right and prescribes the rule for its determination in very plain and direct terms. It does not confer discretionary authority upon the courts, which may be enforced or withheld as their views of what may be proper would suggest, but the rule is one of general application, controlling alike all cases comprehended within its terms. The same proportionate compensation that may be due in one case is provided for all others, and that is such a sum in gross as shall be deemed a reasonable satisfaction of the estate, calculated upon the principles of law applicable to life annuities. The sum awarded to be calculated on those princi-

ples which have for many years been applied and administered by courts of equity. Whatever the sum may be which that mode of calculation will produce, that is the amount the widow will be entitled to receive as the gross value of her estate.

The statute creates an absolute right to such an amount, rendering it subject to no contingency whatsoever. It is as fixed and definite as language can reasonably define it, and no limitation or restriction can be imposed upon it without modifying this statutory right to a corresponding degree. To do that requires the exercise of legislative authority different from that conferred upon the courts for the purpose of ordaining and promulgating rules of practice. If one qualification can be by rule imposed upon this statutory right, others may follow it, and in that way the right itself may be so far impaired as to be divested of its chief value. The fact that the person for whose benefit it was created may accept it or not, as she chooses, can make no difference, for the legislature have provided exactly what she shall receive in case she makes the election to take it.

The 85th rule of this court, so far as it diminishes the amount to be received below that provided for by the statute, is in conflict with this legislative provision, and where such a conflict is found to exist, there the rule itself must yield, for the power to make rules is not an authority for the adoption of any which may be attended with the effect of divesting statutory rights of property. Over subjects of that description the power to prescribe rules cannot, with any propriety, be allowed to extend.

The order appealed from should be so far modified as to award to the appealing defendant the gross value of her dower as it is secured by the statute, the same as though the 85th rule had never been declared applicable to the subject.

DAVIS, P. J., and DONOHUE, J., concurred.

*Order modified accordingly.*